UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CATHRYN D. FLINN, | § | |
| PLAINTIFF, | § | |
| VS. | § | CIVIL ACTION NO: <u>1:07-CV-1081-CSC</u> |
| MICHAEL W. FLINN AND ELIZABETH J. FLINN, | § | |
| | § | |
| DEFENDANTS. | | |

## ANSWER

COME NOW Defendants in the above styled cause, and file the following Answer to the Complaint and each count thereof heretofore filed by Plaintiff:

### JURISDICTION

1. Admit.

2. Admit.

3. Admit.

4. Admit.

### COUNT I

5. Defendants incorporate their previous answers to paragraphs 1-4 as if fully set out herein.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

## COUNT II

11. Defendants incorporate their previous answers to paragraphs 1-10 as if fully set out herein.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

## COUNT III

17. Defendants incorporate their previous answers to paragraphs 1-16 as if fully set out herein.

18. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against these Defendants upon which relief can be granted.

### SECOND DEFENSE

Defendants aver that they had a permissible purpose to review the Consumer Credit Report of Plaintiff.

### THIRD DEFENSE

Defendants aver that they had proper justification to review the Consumer Credit Report of Plaintiff.

### FOURTH DEFENSE

Defendants deny that they willfully violated or failed to comply with the Fair Credit Reporting Act.

## FIFTH DEFENSE

Defendants deny that they negligently failed to comply with the Fair Credit Reporting Act.

## SIXTH DEFENSE

Defendants deny that they invaded Plaintiffs privacy.

## SEVENTH DEFENSE

Defendants deny that they were guilty of any willful or negligent conduct which proximately caused any injury or damages to Plaintiff.

## EIGHTH DEFENSE

Defendants plead the general issue and specifically deny each and ever material allegation of misconduct of the complaint and demand strict proof thereof.

## NINTH DEFENSE

The Complaint fails to state a claim upon which Plaintiff is entitled to an award of punitive damages.

## TENTH DEFENSE

Defendants deny that Plaintiff is entitled to the relief prayed for; deny that Plaintiff is entitled to compensatory damages; deny that Plaintiff is entitled to punitive damages; deny that Plaintiff is entitled to an award of costs or attorneys fee and denies all allegations relating to the extent or degree of injuries and damages alleged by Plaintiff.

## ELEVENTH DEFENSE

Pursuant to §6-11-20, Code of Alabama, 1975, Plaintiff is not entitled to recover punitive damages from the Defendants.

## TWELFTH DEFENSE

Defendants aver that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguard provided to Defendants under the Constitution of the State of Alabama.

### THIRTEENTH DEFENSE

Defendants aver that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguard provided to Defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America, in that punitive damages are vague and are not rationally related to legitimate government interest.

### FOURTEENTH DEFENSE

Defendants aver that any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interest.

### FIFTEENTH DEFENSE

Defendants aver that any award of punitive damages to Plaintiff in this case will be violative of procedural safeguards provided to Defendants under the Sixth Amendment to the Constitution of the United States of America in that punitive damages are penal in nature and consequently, Defendants are entitled to the same procedural safeguards accorded to criminal defendants.

### SIXTEENTH DEFENSE

It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against these Defendants punitive damages, which are

penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

### SEVENTEENTH DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against these Defendants which are penal in nature by requiring a burden of proof on the Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

### EIGHTEENTH DEFENSE

Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment to the Constitution of the United States of America in that said damages would be an excessive fine in violation of the excessive fines clause of the Eighth Amendment to the United States Constitution.

### NINETEENTH DEFENSE

Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 15, of the Constitution of Alabama 1901 in that said damages would be an excessive fine.

### TWENTIETH DEFENSE

Defendants aver that any award of punitive damages to the Plaintiff in this case will be violative of Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America in that it would provide damages to the Plaintiff in excess of the amount determined to be appropriate under the formula adopted by the Alabama Legislature in Section 6-11-20, et seq, Code of Alabama 1975 as amended.

CASSADY & CASSADY, LLP

BY: /s/ Joe C. Cassady
Joe C. Cassady, Jr. (CAS010)
Attorneys for Defendants

Post Office Box 311730
Enterprise, Alabama 36331
(334) 393-0351

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served upon:

Mr. Peter A. McInish
Mr. William W. Nichols
Post Office Box 1665
Dothan, Alabama 36302

by placing a copy of the same in the United States mail, properly addressed and postage prepaid, on this the _31_ day of _December_, 2007.

/s/ Joe C. Cassady
OF COUNSEL